UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 24-10615 |
| Dovegal Enterprises, LLC    .    ) | |
| ) | Hon. Timothy A. Barnes |
| Debtor/Debtor-in-Possession.    ) | |
| ) | Chapter 11 |

### NOTICE OF MOTION

TO:    ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on the 31st day of July, 2024 at 9:00 a.m, I will appear electronically before the **Honorable Timothy A. Barnes** or any judge sitting in that judge's place and present the Motion of Dovgal Enterprises, LLC. **for Authority to Use Existing Bank Accounts**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video, use this link**: https://www.zoomgov.com/join. Then enter the meeting ID and password.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828- 7666. Then enter the meeting ID and password. Meeting ID and passcode.

**The meeting ID for this hearing** is **Meeting ID: 161 329 5276** and the passcode is **433658**. Additional information can be found on Judge Cassling's webpage on the court's website: www.ilnb.uscourts.gov/content/judge-david-d-cleary.

**If you object to this motion** and want it called on the presentment date above, you may file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

By: /s/ Scott R. Clar
Crane, Simon, Clar & Goodman
135 S. LaSalle St., #. 3950
Chicago, Illinois 60603
(312) 641-6777
sclar@cranesimon.com

-1-

## **CERTIFICATE OF SERVICE**

      The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing Notice and attached Motion to be served on all parties listed on the attached Service List via the Court's Electronic Registration/email (as indicated) on the 24th day of July 2024.

                                                      /s/Scott R. Clar

## **SERVICE LIST**

**Court's Electronic Registration**:

- **Patrick S Layng** USTPRegion11.ES.ECF@usdoj.gov

**Via Email**

William Serritella
wserritella@taftlaw.com

Jillian Cole
jcole@taftlaw.cm

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 24-10615 |
| Dovegal Enterprises, LLC    . ) | |
| ) | Hon. Timothy A. Barnes |
| Debtor/Debtor-in-Possession.  ) | |
| ) | Chapter 11 |

**MOTION FOR AUTHORITY TO USE**
**CASH COLLATERAL AND FOR RELATED RELIEF**

Dovegal Enterprises, LLC ("Dovgal") an Illinois limited liability company, debtor/debtor-in-possession, ("Debtor") herein, by and through its Attorneys, makes its Motion pursuant to Section 363 of the Bankruptcy Code, Rule 4001(b) of the Federal Rules of Bankruptcy Procedure and Rule 4001-2 of the Local Rules of this Court For Authority to Use Cash Collateral and For Related Relief; and in support thereof, states as follows:

**Introduction**

1. On July 23, 2024, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

2. The Debtor is operating its business and managing its financial affairs as debtor-in-possession. No trustee, examiner or committee of unsecured creditors has been appointed to serve in this Chapter 11 case.

3. By this Motion, the Debtor requests that this Court authorize it to use certain cash and cash equivalents that allegedly serve as collateral for claims asserted against the Debtor and its property by Byline Bank ("Byline"). In this case, Byline's cash collateral consists solely of rent.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.

5. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A), (M) and (O).

6. The statutory predicates for the relief requested in this Motion are Section 363 of the Bankruptcy Code, Rule 4001(b) of the Federal Rules of Bankruptcy Procedure and Rule 4001-2 of the Local Rules of this Court.

**Relevant Factual Background**

7. The Debtor is an Illinois limited liability company engaged in the leasing and ownership of commercial real property located at 2064 W. 167th Street, Markham, Illinois (the "Property").

8. The members of the Debtor are Alina Kim (50%) and Oleksandr Dovgal (50%) (the "Members").

9. All of the entities occupying the Property are owned or controlled by the Members. Those entities are as follows:

A) Dovgal Express Inc.
B) Unibox Warehouse Inc.
C) Markham Truck Center, Inc.
D) Altex Logistics Inc.

**Secured Creditors Byline Bank and the Cook County Treasurer**

10. Upon information and belief, the Debtor's sole creditors are Byline Bank and the Cook County Treasurer, both of which have secured claims attaching to the Property, but only Byline has a purported cash collateral interest in rental proceeds.

11. Byline is owed approximately $2.91 million and Cook County Treasurer is owed $297,281.

12. The Debtor estimates the property has a fair market value far in excess of the secured debt.

13. Prior to the Petition Date, Byline issued a notice of default, in part for non-payment of real estate taxes, on August 9, 2023, and subsequently filed a foreclosure suit in Chancery Court in Cook County, Illinois, known as Byline Bank v. Dovgal Enterprises LLC, case no. 2024CH04740 (the "Foreclosure Action":)

14. The Foreclosure Action and an impending motion for the appointment of a Receiver for the Property necessitated the filing of this Chapter 11 case.

15. The Debtor anticipates employing a real estate broker to sell the Property pursuant to Section 36e of the Bankruptcy Code, whether in or out of a plan of reorganization or liquidation, and it is anticipated that any sale will pay the claims of Byline and the Cook County Treasurer in full.

**Use of Cash Collateral**

16. In order for the Debtor to continue to operate its business and manage its financial affairs, and effectuate an effective plan, it is essential that the Debtor be authorized to use cash collateral for, among other things, the following purposes:

A) Maintenance and Repairs;

B) Insurance;

C) Utilities;

D) Real estate taxes;

E) Other miscellaneous items needed in the ordinary course of business.

Attached to this Motion as **Exhibit A** are the Debtor's monthly cash flow projections for the Property (the "Budget"). The Budget itemizes the Debtor's cash needs during the

relevant period for the Property, mainly consisting of insurance and escrow of real estate taxes on a monthly basis.

17.    Use of cash collateral to pay the actual, necessary and ordinary expenses to maintain the Property, as set forth in the Budget, will preserve the value of the Debtor's assets and business and thereby ensure that the interests of creditors that have or may assert an interest in both cash collateral and the Debtor's other assets are adequately protected within the meaning of Sections 361, 362 and 363 of the Bankruptcy Code.

18.    The Debtor proposes, subject to the approval of this Court, to use cash collateral in which Byline asserts an interest. The Debtor's proposal will permit the Debtor to sustain its business operations, pending a sale or refinance of the Property. Furthermore, the Debtor's proposal will adequately protect the purported secured interests of Byline.

19.    Unless the Debtor is authorized to use cash collateral in which Byline asserts an interest, the Debtor will be unable to continue to operate its business and manage the Property, thereby eliminating any reasonable prospect for a successful reorganization or liquidation. The cessation of normal business operations by the Debtor will cause irreparable harm to the Debtor, its creditors and this estate.

20.    The Debtor proposes to use cash collateral and provide adequate protection to Byline upon the following terms and conditions:[1]

A.    The Debtor will permit Bylne to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records;

---

[1] Based upon the Debtor's proposal for the use of cash collateral, none of the disclosures required under Rule 4001-2 of the Local Rules of the Bankruptcy Court for the Northern District of Illinois are necessary.

B. The Debtor shall maintain and pay premiums for insurance to cover the Property from fire, theft and water damage;

C. The Debtor shall, upon reasonable request, make available to Byline evidence of that which purportedly constitutes their collateral or proceeds;

D. The Debtor will properly maintain the Property in good repair; and

E. Byline is granted a replacement post-petition lien on the Property and the rental proceeds derived from the Property, to the extent of Byline's pre-petition liens.

21. Further cash flow budgets, if necessary, will be submitted to this Court pursuant to this Motion. The Debtor will make the expenditures set forth on Exhibit A to this Motion plus no more than 10% of the total proposed expense payments, unless otherwise agreed by the Lender or upon further Order of this Court.

**Conclusion**

22. The Debtor requests, pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, that this Court conduct a preliminary hearing to authorize the Debtor's interim use of cash collateral pending a final hearing on this Motion.

23. The Debtor believes that it is in the best interests of the Debtor, its creditors, and this estate to authorize it to use that portion of its assets herein requested, all or a portion of which may constitute cash collateral, in that, without the limited use of those assets as herein requested, the Debtor will be unable to pay and satisfy its current operating expenses thereby resulting in immediate and irreparable harm and loss to the estate.

24. For the reasons set forth herein, this Court should grant the relief requested in this Motion.

WHEREFORE, DOVGAL ENTERPRISES, LLC, an Illinois limited liability company, debtor/debtor-in-possession herein, prays for the entry of an Order as follows:

A. Authorizing the Debtor to use cash collateral in which Byline asserts a lien, upon the terms and conditions set forth in this Motion, until further Order of this Court;

B. Preliminarily authorizing the Debtor to use cash collateral pending a final hearing on this Motion;

C. Setting a final hearing on this Motion; and

D. Granting such other relief as this Court deems just and appropriate

    Respectfully submitted,
    DOVGAL ENTERPRISES, LLC

    By: /s/Scott R. Clar
        One of its attorneys

**DEBTOR'S COUNSEL**:
Scott R. Clar
(Atty. No. 06183741)
Crane, Simon, Clar & Goodman
135 South LaSalle Street, Suite 3950
Chicago, IL 60603
(312) 641-6777
sclar@cranesimon.com