UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                                    )
                                                          )   Case No. 24-10615
Dovegal Enterprises, LLC           .      )
                                                          )   Hon. Timothy A. Barnes
    Debtor/Debtor-in-Possession.    )
                                                          )   Chapter 11

### NOTICE OF MOTION

TO:   ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on the 31st day of July, 2024 at 9:00 a.m, I will appear electronically before the **Honorable Timothy A. Barnes** or any judge sitting in that judge's place and present the Motion of Dovgal Enterprises, LLC. **for Authority to Use  Existing Bank Accounts**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video, use this link**: https://www.zoomgov.com/join. Then enter the meeting ID and password.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828- 7666. Then enter the meeting ID and password. Meeting ID and passcode.

**The meeting ID for this hearing** is **Meeting ID: 161 329 5276** and the passcode is **433658**. Additional information can be found on Judge Cassling's webpage on the court's website: www.ilnb.uscourts.gov/content/judge-david-d-cleary.

**If you object to this motion** and want it called on the presentment date above, you may file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

By: /s/ Scott R. Clar
Crane, Simon, Clar & Goodman
135 S. LaSalle St., #. 3950
Chicago, Illinois 60603
(312) 641-6777
sclar@cranesimon.com

-1-

**CERTIFICATE OF SERVICE**

    The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing Notice and attached Motion to be served on all parties listed on the attached Service List via the Court's Electronic Registration/email (as indicated) on the 24th day of July 2024.

                                                      /s/Scott R. Clar

## SERVICE LIST

**Court's Electronic Registration**:

- **Patrick S Layng**    USTPRegion11.ES.ECF@usdoj.gov

**Via Email**

William Serritella
wserritella@taftlaw.com

Jillian Cole
jcole@taftlaw.cm

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 24-10615 |
| Dovegal Enterprises, LLC   . ) | |
| ) | Hon. Timothy A. Barnes |
| Debtor/Debtor-in-Possession. ) | |
| ) | Chapter 11 |

**MOTION FOR AUTHORITY TO USE EXISTING BANK ACCOUNTS**

Dovegal Enterprises, LLC, an Illinois limited liability company, debtor/debtor-in-possession herein ("Debtor"), by and through its attorneys makes its Motion for Authority to Use Existing Bank Accounts ("Motion"), pursuant to Sections 105 and 363 of the Bankruptcy Code, and in support thereof, states as follows:

**Introduction**

1. On July 23, 2024, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

2. The Debtor has been operating its business and managing its financial affairs as debtor-in-possession since the Petition Date.

3. No Trustee, examiner or official committee of unsecured creditors has been appointed in this case.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.

5. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. Sections 157(b)(2)(A), (M) and (O).

6. The statutory predicates for the relief requested in this Motion are Sections 105 and 363 of the Bankruptcy Code.

-1-

7. By this Motion, the Debtor requests that this Court authorize the Debtor to use its existing bank accounts during the Debtor-in-Possession period.

**Relevant Factual Background**

8. The Debtor is an Illinois limited liability company engaged in the leasing and ownership of commercial real property located at 2064 W. 167th Street, Markham, Illinois (the "Property").

9. The members of the Debtor are Alina Kim (50%) and Oleksandr Dovgal (50%) (the "Members").

10. All of the entities occupying the Property are owned or controlled by the Members. Those entities are as follows:

A) Dovgal Express Inc.
B) Unibox Warehouse Inc.
C) Markham Truck Center, Inc.
D) Altex Logistics Inc

11. Prior to the Petition Date, the Debtor maintained bank accounts at Chase Bank (account number ending 6202) and Byline Bank (account number ending 0067) (the "Existing Accounts").

12. Prior to the Petition Date, Byline Bank, the Debtor's secured creditor, issued a notice of default, in part for non-payment of real estate taxes, on August 9, 2023, and subsequently filed a foreclosure suit in Chancery Court in Cook County, Illinois, known as *Byline Bank v. Dovgal Enterprises LLC*, case no. 2024CH04740 (the "Foreclosure Action":)

13. The account at Byline Bank was used to pay mortgage payments to Byline, and the Chase account has been used to pay for property insurance.

14. The Existing Accounts are operating accounts of the Debtor.

15. The Existing Accounts are accounts from which all business activities are conducted by the Debtor, and it would be more efficient to maintain the same accounts instead of opening up new debtor-in-possession accounts.

16. By this Motion, the Debtor seeks authority from this court to maintain the Existing Accounts after the filing of this Chapter 11 case rather than opening up new bank accounts.

17. All funds will remain located at Chase Bank and Byline Bank, which are FDIC insured institutions. The Existing Bank Accounts will not contain more than $250,000 at any one time.

18. Maintenance of the Existing Accounts after the filing of this Chapter 11 case will avoid hardship and will not prejudice any party.

19. The Debtor's internal accounting practices can easily differentiate between pre-petition and post-petition transactions including those transactions relating to the Existing Accounts.

20. Allowing the Debtor's continued use of the Existing Bank Accounts after the filing of this Chapter 11 case is in the best interests of the Debtor, its creditors and this estate.

WHEREFORE, Dovgal Enterprises, LLC., an Illinois limited liability company, debtor/debtor-in-possession herein, prays for the entry of an Order authorizing it to use its existing accounts and granting such other relief as may be just and equitable.

Respectfully submitted,

Dovgal Enterprises, LLC
By:  /s/ Scott R. Clar
    One of its attorneys

**DEBTOR'S COUNSEL**:

Scott R. Clar
(Atty. No. 06183741)
CRANE, SIMON, CLAR & GOODMAN
135 S. LaSalle, #3950
Chicago, IL 60603
(312) 641-6777
sclar@cranesimon.com